# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SUNTRUST MORTGAGE, INC. and SUBSTITUTE TRUSTEE SERVICES, INC. TRUSTEE SERVICES, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:14CV608 |
| ANGELA A. THOMAS, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Defendant's Motion for Removal (Docket Entry 2), as well as on Plaintiffs' Motion to Remand to State Court (Docket Entry 7). For the reasons that follow, the Court will grant Defendant's instant Application for the sole purpose of entering an order remanding this case to state court for lack of subject-matter jurisdiction.[1]

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee

---

[1] For reasons stated in William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc., No. 1:11CV887, 2012 WL 214155, at *2-6 (M.D.N.C. Jan. 24, 2012) (unpublished), the undersigned United States Magistrate Judge opts to enter an order rather than a recommendation regarding remand.

that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious . . ." 28 U.S.C. § 1915(e)(2).

The United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal

2

quotation marks omitted). In considering such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Courts regularly remand removal cases at the required initial review of in forma pauperis applications based on frivolousness due to lack of subject matter jurisdiction. See, e.g., Wake Cnty. Human Servs. v. Davis, No. 5:12-CV-413-BO, 2012 WL 7856618 (E.D.N.C. Oct. 24, 2012) (unpublished), recommendation adopted, 2012 WL 7856619 (E.D.N.C. Dec. 12, 2012) (unpublished), aff'd, 530 F. App'x 272 (4th Cir. 2013); Rosproy v. Rosproy, No. 10-1417-SAC, 2010 WL 5479714 (D. Kan. Dec. 30, 2010) (unpublished); Franklin Credit Mgmt. Corp. v. Bryson, Civil No. 1:09cv246, 2009 WL 2151052 (W.D.N.C. July 15, 2009) (unpublished); Fuller v. Evans, No. 1:05CV00013, 2005 WL 1743955 (M.D.N.C. Mar. 24, 2005) (unpublished). In this case, such review merges with the analysis of Plaintiff's instant Motion to Remand, which contends, inter alia, that this Court lacks subject-matter jurisdiction over the matters at issue (Docket Entry 8 at 9-12).

"The burden of demonstrating jurisdiction resides with the party seeking removal." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (internal quotation marks omitted). Moreover, this Court "has an independent obligation to assess its subject-matter jurisdiction . . . ." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). A federal court must "construe removal jurisdiction strictly

3

because of the significant federalism concerns implicated." Dixon, 369 F.3d at 816 (internal quotation marks omitted). If federal jurisdiction appears doubtful, then the federal court must remand the action to state court. Id.

DISCUSSION

Defendant's removal notice states:

> This is a civil action of which this [C]ourt has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this [C]ourt by [D]efenant pursuant to the provision of 28 U.S.C. § 1441 in that it arises under Federal Questions and resolution of [P]laintiffs [sic] claims will require adjudication of disputed questions of federal law.

(Docket Entry 2 at 1.)[2] However, the Court lacks subject matter jurisdiction under those statutes. The state case Defendant purported to remove is a foreclosure action. (See id. at 2.) No federal question jurisdiction thus exists under Section 1331. See Trustee Servs. of Carolina, LLC v. Rivera, No. 3:12CV146, 2012 WL 1645534, at *2 (W.D.N.C. May 2, 2012) (unpublished) ("As a matter of law, foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction."); Vecchione v. Option One Mortg. Co., No. 1:09CV380, 2009 WL 3435166, at *1

---

[2] The instant Motion for Removal lists SunTrust Mortgage, Inc., and "Substitute Trustee Services Trustee Services" as plaintiffs and Angela A. Thomas as the defendant in the caption. (Docket Entry 2 at 1.) However, the body refers to Ms. Thomas as the plaintiff and SunTrust and Substitute Trustee Services as the defendants. (See id. at 1-6.) This Order refers to SunTrust and Substitute Trustee Services as "Plaintiffs" and Ms. Thomas as "Defendant."

4

(M.D.N.C. Oct. 16, 2009) (unpublished) ("The underlying action is a state court action for foreclosure. The complaint in the action raised no federal issues. The fact that [the plaintiff] now seeks to raise federal issues in this action and in his removal petition does not make the action removable on the basis of a federal question. It is axiomatic that a federal question must appear on the face of the well-pleaded complaint, and raising a federal counterclaim or defense does not make the action removable on the basis of a federal question." (internal quotation marks omitted)); <u>In the Matter of the Foreclosure of the Deed of Trust Dated Feb. 8, 1999</u>, No. 1:03CV527, 2003 WL 21664204, at *2 (M.D.N.C. July 14, 2003) (unpublished) ("[B]ecause the state court action that [the defendants] are attempting to remove is a foreclosure proceeding, there is no federal question jurisdiction that arises in the instant matter.").

Defendant's Motion for Removal also contends that "[Plaintiffs'] claims against [Defendant] are false; based on fraud, negligent misrepresentation, and has [sic] violated both the Fair Debt Collection Act 1692g.809 and [the Real Estate Settlement Procedures Act ("RESPA")]." (Docket Entry 2 at 2.) However,

> [Section] 1331 federal question jurisdiction is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law; actions in which defendants merely claim a substantial federal defense to a state-law claim do not raise a federal question. In other words, a defendant may not defend his

5

way into federal court because a federal defense does not create a federal question under § 1331.

In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006) (internal citation omitted). The fact that Defendant in this case wants to present her own federal question to the Court does not provide a basis for removal. See Fuller, 2005 WL 1743955, at *1.

Nor does diversity jurisdiction exist under Section 1332. Although the removal notice contends that "[t]here is complete diversity of citizenship between the parties" (Docket Entry 2 at 4), it acknowledges facts establishing that both Defendant and Plaintiff Substitute Trustee Services qualify as citizens of North Carolina (see id. at 4-5). See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); Sanderlin v. Hutchens, Senter & Britton, P.A., 783 F. Supp. 2d 798, 801 (W.D.N.C. 2011) ("Plaintiffs have not satisfied the complete diversity requirement. Specifically Plaintiffs and Defendant Hutchens, Senter & Britton, P.A. are both citizens of North Carolina."). Moreover, Defendant's North Carolina citizenship alone deprives this Court of jurisdiction. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under

6

section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Finally, Section 1441 provides for removal only where the federal court would have had "original jurisdiction," see 28 U.S.C. § 1441(a), which (for reasons noted above) this Court lacked.[3]

## CONCLUSION

This Court lacks subject matter jurisdiction over this action.

**IT IS THEREFORE ORDERED** that Defendant's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING ENTRY OF AN ORDER REMANDING THIS CASE TO STATE COURT.**

---

[3] In addition, Defendant did not remove this action in a timely manner. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). The removal notice indicates that Plaintiffs commenced the foreclosure action on or about January 9, 2012 (Docket Entry 2 at 2) and Plaintiffs, after failing to reach Defendant in person or by mail (see Docket Entry 8-6 at 2-6), posted notice of the action on the door of the property (see id. at 7). See McArdle Corp. v. Patterson, 115 N.C. App. 528, 532, 445 S.E.2d 604, 607 (1994) ("[I]f a party cannot with due diligence be served by personal delivery or registered or certified mail, service of the notice of [foreclosure] hearing may be made by posting the notice on the property."). Moreover, in support of the removal notice, Defendant attached an exhibit titled "Affidavit of FACT" that she apparently submitted as part of the foreclosure proceeding on June 18, 2012 (Docket Entry 2-11), which indicates she had notice of the proceeding at that time (see id. at 2). Defendant removed the action over two years after she received the initial pleading. (See Docket Entry 2 at 6.)

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand to State Court (Docket Entry 7) is **GRANTED** in that this case is **REMANDED** to the Hoke County Superior Court, Hoke County, North Carolina, for lack of subject-matter jurisdiction.

                                        /s/ L. Patrick Auld
                                             **L. Patrick Auld**
                                **United States Magistrate Judge**

August 12, 2014